

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2008

# USA v. Bezama-Isler

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bezama-Isler" (2008). *2008 Decisions.* Paper 421.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/421

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2964

———————

UNITED STATES OF AMERICA

v.

MAURICIO RICARDO BEZAMA-ISLER
a/k/a MAURICIO ISLER, a/k/a JUAN PENA

Maurico Ricardo Bezama-Isler,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 07-cr-00164)
District Judge:  Hon. Joseph E. Irenas

———————

Submitted under Third Circuit LAR 34.1(a)
on June 26, 2008

Before:  SLOVITER, BARRY and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 2, 2008)

———————

O P I N I O N

———————

**ROTH, <u>Circuit Judge</u>:**

Mauricio Bezama-Isler appeals from a judgment of sentence after being convicted for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2).  For the reasons stated below, we will affirm.

Because we write primarily for the parties who are familiar with this case, we only briefly recite the facts.

On March 1, 2007, Bezama-Isler pleaded guilty to a one count information charging him with illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2).  Prior to sentencing, the U.S. Probation Office submitted its presentence report, stating that Bezama-Isler's conduct warranted a total offense level of 21 and his extensive criminal record placed him in a criminal history category of VI.  In light of these factors, the Probation Office concluded that the appropriate advisory Guidelines range for imprisonment was 77 to 96 months.  Bezama-Isler did not dispute that this was the appropriate Guidelines range, and he indicated that he was not seeking a formal downward departure under the Guidelines.  Instead Bezama-Isler asked the District Court to exercise its discretion under 18 U.S.C. § 3553(a) and impose a sentence "modestly below the Advisory Guidelines Range" based upon a number of factors, including his rehabilitative progress after his 2003 state conviction.  On June 22, 2007, the District Court sentenced defendant to a 77-month term of imprisonment, a three-year term of supervised release, and special conditions.  Bezama-Isler appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We review the sentence imposed for reasonableness, *United States v. Cooper*, 437 F.3d 324, 326-27 (3d Cir. 2006), asking "whether the trial court abused its discretion," *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007).

On appeal, Bezama-Isler argues that his sentence was procedurally improper because the District Court failed to adequately consider his argument concerning his rehabilitative progress. We disagree because the record demonstrates that the District Court carefully considered and addressed Bezama-Isler's argument that he should receive a sentence below the Guidelines range based upon his recent rehabilitative progress, while taking into consideration the factors listed in 18 U.S.C. § 3553(a) in imposing the sentence at issue. After the District Court expressed its sincere belief in Bezama-Isler's rehabilitative progress, the court then balanced such rehabilitative progress against Bezama-Isler's criminal history to judge the merits of his variance request. The court concluded that, based on the factors in 18 U.S.C. § 3553(a), a sentence within the Guidelines range was appropriate given Bezama-Isler's "extraordinary criminal history[,]" the "need to protect the public, . . . the need for deterrence to deter future conduct, and the need to set an example[.]" The court took care to note that, given Bezama-Isler's criminal history, "it would be very tempting to give a sentence at the upper end of the guideline range," but that the court was "going to give the defendant the benefit of the doubt" because it "think[s] he is telling the truth" with regard to his

3

rehabilitative efforts.

Based on the foregoing, we believe that the District Court understood and addressed Bezama-Isler's arguments concerning his rehabilitative progress, gave meaningful consideration to defendant's request for a variance under 18 U.S.C. § 3553(a), and sufficiently explained its reasoning for imposing a sentence within, and notably at the bottom of, the Guidelines range. *See Rita*, 127 S.Ct. at 2469.

Accordingly, we will affirm the judgment of sentence.